## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*ex rel.* VERITY INVESTIGATIONS, LLC,<br><br>      *Plaintiff/Relator*,<br><br>   v.<br><br>KEMPER SYSTEM AMERICA, INC.;<br>THERMACUT, INC.,<br><br>      *Defendants.* | Case No. **25 CV 405** –JLS<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729** *et seq.*<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br><br>**Jury Trial Demanded** |



1



### *QUI TAM* COMPLAINT

## I.   INTRODUCTION

1.    This is a *qui tam* case, filed on behalf of the federal government, seeking to recover over $1.35 million (plus mandatory trebling) that Defendants wrongfully obtained in the form of federal guaranteed loans by falsely certifying that they had fewer than 300 employees and that they were not owned by an entity that has significant operations in China. Those loans were later forgiven, and the federal government paid the bill.

2.    The loans in question were provided by the Small Business Administration's ("SBA's") Paycheck Protection Program ("PPP"). The PPP was created by Congress near the start of the COVID-19 epidemic in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in 2020, and then received additional funding ($284 billion) in December 2020 in the "Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act." 15 U.S.C. § 636(a)(37).

3.    In early 2021, SBA authorized a second series of PPP loans, widely referred to as "Second Draw" PPP loans. This case involves a false application for Second Draw PPP loans.

4.    The Second Draw PPP loans were made available only to "small" businesses. The SBA established a clear, bright-line rule for who counted as "small." Applicants were required to certify, in their application, that they (both the applicant and its affiliates) collectively employed 300 or fewer persons.[1]

5.    The Second Draw PPP loans created additional criteria that an entity with "significant operations" in the People's Republic of China could not own more than 20 percent of the small business applicant.

---

[1] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.

6.     Defendants falsely certified to the SBA that (1) they and their affiliates had 57 and 19 employees and (2) that they were not a business concern owned or held by an entity with significant operations in China. As a direct result of those false statements, Defendants obtained Second Draw PPP loans in the amount of $1,071,352 and $291,200, which were later forgiven.

7.     Relator is an outside investigative company that detected Defendants' fraud by reviewing the Defendants' and their affiliates' consolidated financial reports. Those reports demonstrate that Defendants and their affiliates had more than 300 employees during the relevant time period.

## II.     THE PARTIES

8.     Plaintiff Verity Investigations LLC ("Relator") is an investigative firm formed by two professionals with widespread experience in detecting and reporting fraud on the U.S. public fisc.

9.     Defendant Kemper System America, Inc., is a New York corporation with its principal place of business in West Seneca, New York.

10.     Defendant Thermacut, Inc. is a New Hampshire corporation with its principal place of business in Claremont, New Hampshire.

## III.     JURISDICTION AND VENUE

11.     This action arises under the laws of the United States to redress violations of the Federal False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA").

12.     Subject-matter jurisdiction is conferred by 28 U.S.C. §§ 1331, 1345.

13.     Venue is proper, and this Court has personal jurisdiction over Defendants, because one Defendant is "found" in this District. 31 U.S.C. § 3732(a).

## IV.    THE FALSE CLAIMS ACT

14.    The FCA is the primary civil remedial statute designed to deter fraud upon the United States. Its purpose is to "enhance the Government's ability to recover losses sustained as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (July 28, 1986).

15.    A defendant violates the FCA when the defendant "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).

16.    Under the FCA, a claim includes a request for money. 31 U.S.C. § 3729(b)(2). A claim is "false or fraudulent" under the FCA if the entity or person submitting the claim was not entitled to payment.

17.    In 2009, Congress amended the FCA through the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21 (May 20, 2009), making a defendant liable under the FCA when the defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

18.    Under the FCA, the terms "knowing" and "knowingly" mean that the defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A).

19.    No proof of specific intent to defraud the Government is required to show that a defendant acted knowingly under the FCA. 31 U.S.C. § 3729(b)(1)(B).

20.    The terms "knowing," "knowingly," "knowledge," "knows," and "knew," as used in this Complaint, have the meaning ascribed to them by the FCA.

21.    The FCA defines the term "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

22.    The FCA broadly defines a "claim" as "any request or demand . . . for money or property" that: "(i) is presented to an officer, employee, or agent of the United States," or "(ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2).

23.    False statements made in a loan application to a third-party lender qualify as "false claims" to the government where, as here, the loan is guaranteed by the federal government and the federal government later repays the lender. *See United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996).

## V.    NO "PUBLIC DISCLOSURE" AND RELATOR IS AN ORIGINAL SOURCE

24.    On information and belief, no "public disclosure" has been made of Defendants' false statements and fraud detailed herein. 31 U.S.C. § 3730(e)(4)(A).

25.    On information and belief, Defendants' fraudulent transactions have not been publicly disclosed in a federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or by the news media.

26.    Even if there had been a "public disclosure," that would not matter in this case because Relator is an "original source of the information" set forth in this complaint. 31 U.S.C. § 3730(e)(4)(A).

27.    Relator's knowledge is independent of and materially adds to any publicly disclosed aspects of the fraudulent transactions described herein. Among other things, Relator has

"connected the dots" between (a) Defendants' and Defendants' affiliates' consolidated financial reports, and (b) Defendants' false certifications for their Second Draw PPP loans.

28.    Prior to filing this action, Relator voluntarily provided the Government with this complaint and all material evidence in Relator's possession relating to the fraudulent transactions.

## VI.    THE SECOND DRAW PPP LOAN PROGRAM

29.    To be eligible for a Second Draw PPP loan, borrowers were required to meet three criteria: (1) have "[p]reviously received a First Draw PPP Loan," (2) "[have] no more than 300 employees," and (3) be able to "demonstrate at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020."[2] 15 U.S.C. § 636(a)(37)(A)(iv).

30.    The SBA's website explained the 300-limit to borrowers. This was explained in an overview page of the website[3] and in the online "Frequently Asked Questions" document available on the website.[4]

31.    The SBA's FAQ document stated that this limit was "narrower" than the prior 500-employee limit for the earlier First Draw PPP loans.[5]

32.    The SBA's FAQ document warned borrowers that, unlike with the First Draw PPP loans, borrowers would not be allowed to qualify using "SBA's [other] established size standards (either revenue-based or employee-based) or the alternative size standard."[6]

33.    The SBA's FAQ stated that "borrowers" were "required to apply SBA's affiliation rules under 13 C.F.R. 121.301(f)."[7]

---

[2] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.
[3] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://perma.cc/R74F-68UQ?type=image (as of March 2021).
[4] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders (as of March 3, 2021).
[5] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders at 29 (as of March 3, 2021).
[6] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 29 (as March 3, 2021).
[7] SMALL BUSINESS and ADMINISTRATION, FAQ for PPP Borrowers and Lenders at 2 (as of April 29, 2020).

34.    That regulation—13 C.F.R. § 121.301(f)—stated that when counting "employees," an applicant must include the employees of "all of its domestic and foreign affiliates." 13 C.F.R. § 121.301(f)(6).[8]

35.    That regulation defined affiliation broadly:

i.    Affiliation includes "affiliation based on ownership." "For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity. If no individual, concern, or entity is found to control, SBA will deem the Board of Directors or President or Chief Executive Officer (CEO) (or other officers, managing members, or partners who control the management of the concern) to be in control of the concern. SBA will deem a minority shareholder to be in control, if that individual or entity has the ability, under the concern's charter, by-laws, or shareholder's agreement, to prevent a quorum or otherwise block action by the board of directors or shareholders." *See* 13 C.F.R. § 121.301(f)(1).[9]

ii.    Affiliation may also arise "under stock options, convertible securities, and agreements to merge." *See* 13 C.F.R. § 121.301(f)(2).[10]

iii.    Affiliation may arise "based on management:" "Affiliation arises where the CEO or President of the applicant concern (or other officers, managing members, or partners who control the management of the concern) also controls the management of one or more other concerns. Affiliation also arises where a single individual, concern, or entity that controls the Board of Directors or management of one concern also controls the Board of Directors or management of one or more other concerns. Affiliation also arises where a single individual,

---

[8] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).
[9] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).
[10] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).

concern or entity controls the management of the applicant concern through a management agreement." *See* 13 C.F.R. § 121.301(f)(3).[11]

iv.      Affiliation may arise "based on identity of interest:" "Affiliation arises when there is an identity of interest between close relatives, as defined in 13 CFR 120.10, with identical or substantially identical business or economic interests (such as where the close relatives operate concerns in the same or similar industry in the same geographic area). Where SBA determines that interests should be aggregated, an individual or firm may rebut that determination with evidence showing that the interests deemed to be one are in fact separate." *See* 13 C.F.R. § 121.301(f)(4).[12]

v.      Affiliation may arise "based on franchise and license agreements:" "The restraints imposed on a franchisee or licensee by its franchise or license agreement generally will not be considered in determining whether the franchisor or licensor is affiliated with an applicant franchisee or licensee provided the applicant franchisee or licensee has the right to profit from its efforts and bears the risk of loss commensurate with ownership. SBA will only consider the franchise or license agreements of the applicant concern." *See* 13 C.F.R. § 121.301(f)(5).[13]

36.      The SBA required borrowers to submit a borrower application Form (SBA Form 2483-SD) to a federally insured bank or similar credit institution, which would process the loan application and fund the loan.

37.      The SBA Form 2483-SD required the borrower to state the "Number of Employees (including affiliates, if applicable)."

---

[11] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).
[12] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).
[13] 13 C.F.R. § 121.301(f) (effective March 27, 2020 to September 7, 2021).

38.    The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that "[t]he Applicant, together with its affiliates (if applicable) . . . employs no more than 300 employees."

39.    For the Second Draw PPP loans, Congress stated that "eligible entity . . . does not include . . . any business concern or entity for which an entity . . . that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership." 15 U.S.C. § 636(a)(37)(A)(iv)(III)(cc)(AA).

40.    The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China.

41.    The SBA Form 2483-SD also required the applicant's authorized representative to initial to "certify that the information provided in this application . . . is true and accurate," and to acknowledge "that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000 . . . ."

42.    The SBA guaranteed 100% of the outstanding balance of Defendants' Second Draw PPP loans. The guarantee was backed by the full faith and credit of the United States. 15 U.S.C. § 636(a)(2)(F).

## VII.    DEFENDANT FALSELY CERTIFIED TO THE SBA ITS COMPLIANCE WITH THE SECOND DRAW PPP LOAN SIZE REQUIREMENTS

### A.    BACKGROUND: DEFENDANTS AND THEIR AFFILIATES

43.    Defendant Kemper System America, Inc. ("Kemper USA") is a New York corporation with its principal place of business in West Seneca, New York.[14]

44.    Kemper USA can be validly served with process via its registered agent at 1200 N. America Dr., West Seneca, NY 14224.[15]

45.    Defendant Thermacut, Inc. ("Thermacut USA") is a New Hampshire corporation with its principal place of business at Claremont, New Hampshire.[16]

46.    Thermacut USA can be validly served with process via its registered agent at 153 Charlestown Road, Claremont, NH 03743.[17]

47.    Kemper USA and Thermacut USA are wholly-owned subsidiaries of IBG Industrie-Beteiligungs-Gesellschaft mbH & Co. ("IBG"), a conglomerate registered in Cologne, Germany. IBG is the ultimate parent company of a group of 17 companies based in Germany and 58 subsidiaries based abroad over which IBG directly or indirectly exercises a controlling influence.[18]

---

[14] Kemper USA's Website – About, https://www.kemper-system.com/CA/eng/about-us/kemper-system-america.html.
[15] New York, Department of State, Kemper System America, Inc., https://apps.dos.ny.gov/publicInquiry/.
[16] Thermacut USA's Website – About, https://thermacut.com/about-us/.
[17] New Hampshire, Department of State, Thermacut, Inc., https://quickstart.sos.nh.gov/online/BusinessInquire.
[18] IBG Industrie-Beteiligungs-Gesellschaft mbH & Co., *Consolidated Financial Statements for the Financial Year from January 1, 2020, to December 31, 2020*, Bundesanzeiger, Nov. 23, 2021, https://www.bundesanzeiger.de/pub/de/start?12 (last visited Feb. 27, 2025).

48.    IBG's 2020 consolidated financial report indicates that IBG has controlling equity interests in the following entities:[19]

    i.    ABICOR Unternehmensverwaltungsgesellschaft mbH, located in Buseck, Germany;

    ii.    ABICOR Vermögensverwaltungsgesellschaft mbH, located in Buseck, Germany;

    iii.    Alexander Binzel Schweisstechnik GmbH & Co. KG, located in Buseck, Germany;

    iv.    ABICOR Beteiligungsgesellschaft mbH, located in Buseck, Germany;

    v.    benifin Asset Management and Investment Company mbH, located in Cologne, Germany;

    vi.    Weldstone Components GmbH, located in Cologne, Germany;

    vii.    IBG Industrie-Beteiligungs-Gesellschaft mbH, located in Cologne, Germany;

    viii.    Kemper System GmbH & Co. Kommanditgesellschaft, located in Vellmar, Germany;

    ix.    Kemper System Verwaltungs-GmbH, located in Vellmar, Germany;

    x.    Kemper System Unternehmensverwaltungsgesellschaft mbH, located in Vellmar, Germany;

    xi.    Kurt Haufe Schweißtechnik Geschäftsführungs-GmbH, located in Dresden, Germany;

    xii.    ABICOR BINZEL Schweißtechnik Dresden GmbH & Co. KG, located in Dresden, Germany;

    xiii.    Thermacut GmbH, located in Wilnsdorf, Germany;

---

[19] IBG Industrie-Beteiligungs-Gesellschaft mbH & Co., *Consolidated Financial Statements for the Financial Year from January 1, 2020, to December 31, 2020*, Bundesanzeiger, Nov. 23, 2021, https://www.bundesanzeiger.de/pub/de/start?12 (last visited Feb. 27, 2025).

xiv.    Uni-Cash Verwaltungs-GmbH, located in Cologne, Germany;

xv.    Weldstone GmbH iL, located in Buseck, Germany;

xvi.    TMT Unternehmensverwaltungsgesellschaft mbH, located in Buseck, Germany;

xvii.    Jäckle & Ess System GmbH, located in Bad Waldsee, Germany;

xviii.    HERR Industry System GmbH, located in Burbach, Germany;

xix.    ABICOR Binzel Canada Inc., located in Mississauga ON, Canada;

xx.    Abicor Binzel Kaynak Teknik Ticaret Limited Siriketi, located in Istanbul, Turkey;

xxi.    ABICOR Binzel Production (India) Pvt. Ltd., located in Pune, India;

xxii.    ABICOR Binzel Technoweld Pvt. Ltd., located in Pune, India;

xxiii.    Abicor Binzel Svarochnaya Technika, located in Ryazan, Russia;

xxiv.    ABICOR Binzel Technika Spawalnicza spzoo, located in Gogolin, Poland;

xxv.    ABICOR BINZEL (Guangzhou) Welding Equipment Co., Ltd., located in Guangzhou, China;

xxvi.    Advent Business Credit Development Company Pvt. Ltd., located in Pune, India;

xxvii.    Alexander Binzel Australia (PTY) Ltd., located in Victoria, Australia;

xxviii.    ABICOR Binzel USA, Inc., located in Frederick, USA;

xxix.    ABICOR BINZEL Finland Oy, located in Pori, Finland;

xxx.    Binzel Norge A/S Sveiseteknikk, located in Hokksund, Norway;

xxxi.    Alexander Binzel Skandinavia A/S, located in Copenhagen, Denmark;

xxxii.    ABICOR BINZEL SOUTH AFRICA (PTY) LTD, located in Johannesburg, South Africa;

xxxiii.    ABICOR BINZEL Svareci Technika spol. sro, located in Horice, Czech Republic;

xxxiv.    ABICOR BINZEL SLOVENSKO, sro, located in Samorin, Slovak Republic;

xxxv.     ABICOR BINZEL Sverige AB, located in Malmö, Sweden;

xxxvi.    ABICOR BINZEL (UK) Ltd., located in Warrington, Great Britain;

xxxvii.   ABICOR BINZEL Adria doo, located in Galizana, Roatia;

xxxviii.  Astaras Inc., located in Florida, USA;

xxxix.    UAB Binzel Baltic, located in Gargzdai, Lithuania;

xl.       ABICOR BINZEL Technics, located in Belarus;

xli.      Binzel Benelux BVBA, located in Nazareth, Belgium;

xlii.     Binzel Bulgaria EOOD, located in Sofia, Bulgaria;

xliii.    Binzel do Brasil Industrial Ltda., located in Petropolis, Brazil;

xliv.     Binzel Soudage SARL, located in Strasbourg, France;

xlv.      Binzel Gesellschaft mbH, located in Salzburg, Austria;

xlvi.     Binzel Japan Ltd., located in Osaka, Japan;

xlvii.    Binzel SA de CV, located in Aguascalientes, Mexico;

xlviii.   ABICOR BINZEL ROMANIA SRL, located in Ploiesti, Romania;

xlix.     Binzel Ukraine GmbH, located in Kyiv, Ukraine;

l.        Abicor Binzel Korea Ltd., located in Sungnam, South Korea;

li.       Abicor Binzel Middle East FZE, located in Ras Al Khaimah, UAE;

lii.      Abicor Binzel Central Asia LLP, located in Almaty, Kazakhstan;

liii.     ABICOR Binzel Varilna Tehnika doo, located in Murska Sobota, Slovenia;

liv.      ABICOR BINZEL (Thailand) Co. Ltd., located in Bangkok, Thailand;

lv.       MR Industry System (Shanghai) Co. Ltd., located in Shanghai, China;

lvi.      Kemper System Italia Srl, located in Milan, Italy;

lvii.     Kemper System America Inc., located in New York, USA;

lviii.    KEMPER SYSTEM France SAS, located in Coignieres, France;

lix.    Kemper System (India) Pvt. Ltd., located in Pune, India;

lx.    Kemper System Ltd., located in Warrington, Great Britain;

lxi.    Kemper System Canada, Inc., located in Mississauga ON, Canada;

lxii.    Thermacut Inc., located in Claremont, New Hampshire, USA;

lxiii.    Thermacut Hungary Kft., located in Esztergom, Hungary;

lxiv.    Thermacut Poland spzoo, located in Cieszyn, Poland;

lxv.    Thermacut Romania srl., located in Tirgu Mures, Romania;

lxvi.    Thermacut ks, located in Uherske Hradiste, Czech Republic;

lxvii.    Thermacut Slovakia sro, located in Komjatice, Slovak Republic;

lxviii.    Thermacut Hrvatska, doo, located in Senj, Croatia;

lxix.    Thermacut Brazil Ltda., located in Petropolis, Brazil;

lxx.    OOO "Thermacut" (Tepmakat), located in Chelyabinsk, Russia;

lxxi.    Thermacut Ukraine GmbH LLC, located in Kyivska, Ukraine;

lxxii.    Thermacut Management sro, located in Uherske Hradiste, Czech Republic;

lxxiii.    TMT (Shanghai) Cutting and Welding Equipment Co Ltd., located in Shanghai, China;

lxxiv.    Thermacut Japan Ltd., located in Osaka, Japan;

lxxv.    Weldstone Ltd., located in Hong Kong, China;

lxxvi.    Shandong Weldstone Tungsten (Zibo) Industries Co. Ltd., located in Zibo, China;

lxxvii.    IBG Welding Research (India) Pvt. Ltd., located in Pune, India;

lxxviii.    Binzel Technologies (India) Pvt. Ltd., located in Pune, India; and

lxxix.    Thermacut UK Ltd., located in Warrington, Great Britain.

49.     On information and belief, Defendants Kemper USA and Thermacut USA, and the

other entities listed in ¶ 48, *supra*, qualify as "affiliates" for purposes of the PPP Loan program

under one or more of the alternative definitions provided in 13 C.F.R. § 121.301(f).

**B.     KEMPER USA'S FALSE STATEMENT TO OBTAIN A SECOND DRAW PPP LOAN**

50.     In 2020, Kemper USA submitted a borrower application for a First Draw PPP loan

in the amount of $1,071,300 by lender Manufacturers and Traders Trust Company.

51.     On or about January 11, 2021, the U.S. government forgave 100% of Kemper

USA's First Draw PPP loan, plus interest, in the amount of $1,078,696.

52.     In 2021, Kemper USA applied for a Second Draw PPP loan.

53.     Kemper USA submitted its borrower application form, SBA Form 2483-SD, to

Manufacturers and Traders Trust Company at One M & T Plaza, 15th Fl, Buffalo, NY 14203.

54.     In its Form 2483-SD, Kemper USA listed its address as 1200 N America Dr, West

Seneca, NY 14224.

55.     In its SBA Form 2483-SD, Kemper USA represented that it and its affiliates had

57 employees—under the 300-employee limit needed to be eligible to apply.

56.     Kemper USA's representation in SBA Form 2483-SD regarding the total number

of its and its affiliates' employees was false. Kemper USA and its affiliates had far more than 300

employees in each of 2019, 2020 and 2021.

57.     Kemper USA deliberately ignored the fact that the total number of its and its

affiliates' employees numbered in excess of the 300-employee limit for obtaining a Second Draw

PPP loan. Kemper USA signed its false SBA Form 2483-SD with knowledge of, or reckless

disregard for, the truth.

58.     Kemper USA also certified in SBA Form 2483-SD that it was "not a business

concern or entity (a) for which an entity . . . that has significant operations in the People's Republic

of China . . . owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity . . . ."

59.     Kemper USA's certification in SBA Form 24-83-SD that it was not a business concern owned or held by an entity that has "significant operations" in China was false. Kemper USA's parent company has significant operations in China.

60.     Kemper USA deliberately ignored the fact that its parent company has significant operations in China that made Defendant ineligible for a Second Draw PPP loan. Kemper USA signed its false SBA Form 2483-SD with knowledge of, or reckless disregard for, the truth.

61.     On or about March 12, 2021, Kemper USA was approved for a Second Draw PPP loan in the amount of $1,071,352 by lender Manufacturers and Traders Trust Company.

62.     The U.S. government paid lender Manufacturers and Traders Trust Company a lender's processing fee of 3% of the $1,071,352 loan, in the amount of $32,140.56.[20]

63.     On or about August 18, 2021, the U.S. government forgave 100% Kemper USA's Second Draw PPP loan, plus interest, in the amount of $1,075,402.59.

**C.    THERMACUT USA'S FALSE STATEMENT TO OBTAIN A SECOND DRAW PPP LOAN**

64.     In 2020, Thermacut USA submitted a borrower application for a First Draw PPP loan in the amount of $291,200 by lender Bank of New Hampshire.

65.     On or about December 22, 2020, the U.S. government forgave 100% of Thermacut USA's First Draw PPP loan, plus interest, in the amount of $293,166.

66.     In 2021, Thermacut USA applied for a Second Draw PPP loan.

67.     Thermacut USA submitted its borrower application form, SBA Form 2483-SD, to Bank of New Hampshire at 62 Pleasant St, Laconia, NH 03246.

---

[20] Paycheck Protection Program (PPP) Information Sheet: Lenders,
https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.

68.     In its Form 2483-SD, Thermacut USA listed its address as 153 Charlestown Rd, Claremont, NH 03743.

69.     In its SBA Form 2483-SD, Thermacut USA represented that it and its affiliates had 19 employees—under the 300-employee limit needed to be eligible to apply.

70.     Thermacut USA's representation in SBA Form 2483-SD regarding the total number of its and its affiliates' employees was false. Thermacut USA and its affiliates had far more than 300 employees in each of 2019, 2020 and 2021.

71.     Thermacut USA deliberately ignored the fact that the total number of its and its affiliates' employees numbered in excess of the 300-employee limit for obtaining a Second Draw PPP loan. Thermacut USA signed its false SBA Form 2483-SD with knowledge of, or reckless disregard for, the truth.

72.     Thermacut USA also certified in SBA Form 2483-SD that it was "not a business concern or entity (a) for which an entity . . . that has significant operations in the People's Republic of China . . . owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity . . . ."

73.     Thermacut USA's certification in SBA Form 24-83-SD that it was not a business concern owned or held by an entity that has "significant operations" in China was false. Thermacut USA's parent company has significant operations in China.

74.     Thermacut USA deliberately ignored the fact that its parent company has significant operations in China that made Defendant ineligible for a Second Draw PPP loan. Thermacut USA signed its false SBA Form 2483-SD with knowledge of, or reckless disregard for, the truth.

75.     On or about March 20, 2021, Thermacut USA was approved for a Second Draw PPP loan in the amount of $291,200 by lender Bank of New Hampshire.

76.     The U.S. government paid lender Bank of New Hampshire a lender's processing fee of 5% of the $291,200 loan, in the amount of $14,560.[21]

77.     On or about December 21, 2021, the U.S. government forgave 100% of Thermacut USA's Second Draw PPP loan, plus interest, in the amount of $293,375.91.

D.     **EVIDENCE OF NUMBER OF EMPLOYEES**

78.     In its SBA Form 2483 and SBA Form 2483-SD, a company must include "the employees of its domestic and foreign affiliates" in calculating its number of employees. *See* 13 C.F.R. § 121.106(b)(1).

79.     IBG's 2020 consolidated financial report indicates that Defendants' corporate group had an average of 2,478 employees in 2019 and an average of 2,428 employees in 2020.[22]

80.     IBG's 2021 consolidated financial report indicates that Defendants' corporate group had an average of 2,421 employees in 2021.[23]

81.     If Defendants Kemper USA and Thermacut USA had counted their affiliates' employees in their Second Draw PPP loan applications, they would have reported far more than 300 employees.

---

[21] Paycheck Protection Program (PPP) Information Sheet: Lenders,
https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.
[22] IBG Industrie-Beteiligungs-Gesellschaft mbH & Co., *Consolidated Financial Statements for the Financial Year from January 1, 2020, to December 31, 2020*, Bundesanzeiger, Nov. 23, 2021,
https://www.bundesanzeiger.de/pub/de/start?12 (last visited Feb. 27, 2025).
[23] IBG Industrie-Beteiligungs-Gesellschaft mbH & Co., *Consolidated Financial Statements for the Financial Year from January 1, 2021, to December 31, 2021*, Bundesanzeiger, Nov. 21, 2022,
https://www.bundesanzeiger.de/pub/de/start?12 (last visited Feb. 27, 2025).

82.     On information and belief, Defendants' and their affiliates' payroll records from 2019, 2020, and 2021 will confirm what Defendants always knew—that Defendants and their affiliates collectively employed well over 300 employees throughout the time period 2019–2021.

E.     **EVIDENCE OF SIGNIFICANT OPERATIONS IN CHINA**

83.     Defendants are owned by IBG.

84.     IBG owns and controls numerous subsidiaries in the PRC, as listed in ¶ 48, *supra.*

85.     Thus, Defendants' parent has significant operations in China, thereby disqualifying Defendants from the Second Draw PPP loan program.

## FIRST CAUSE OF ACTION

### Submitting False Claims for Payment
### 31 U.S.C. § 3729(a)(1)(A)

86.     Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

87.     Each Defendant violated 31 U.S.C. § 3729(a)(1)(A) by knowingly presenting and/or causing to be presented to the lender claims for approval of a Second Draw PPP loan.

88.     Defendants' knowingly false claims in their SBA Form 2483 and/or SBA Form 2483-SD were material to the lender's decisions to issue the Second Draw PPP loans and were material to the SBA's decisions to forgive those loans and repay the lender.

89.     But for Defendants' knowingly false claims, the lender would not have issued the loans, and the SBA would not have forgiven them.

90.     The Second Draw PPP loans that Defendants obtained was money that was intended by the Government to be spent or used to advance the Government's program and interest in assisting qualified and eligible small businesses to survive the COVID-19 epidemic and to continue to employ their workers.

91.     The Second Draw PPP loan that Defendants obtained was money that the Government effectively and in practice provided to the lender, by means of the Government's 100% guarantee to the lender of repayment by the Government in the case of default by the borrower.

92.     The Government later reimbursed the lender 100% of the amounts of Defendants' Second Draw PPP loans, with interest.

## SECOND CAUSE OF ACTION

### Creating a False Record or Statement Material to a False Claim
### 31 U.S.C. § 3729(a)(1)(B)

93.     Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

94.     Each Defendant violated 31 U.S.C. § 3729(a)(1)(B) by knowingly making or causing to be made false records and statements—namely, their SBA Form 2483-SD and their included certifications—to support false claims submitted to the lender for approval of a Second Draw PPP loans.

95.     Each Defendants' knowingly false records and statements were material to the lender's decisions to issue the Second Draw PPP loans and were material to the SBA's decisions to forgive that loan and repay the lender.

96.     But for Defendants' knowingly false records and statements, the lender would not have issued the loans, and the SBA would not have forgiven them.

### THIRD CAUSE OF ACTION

**Improperly Avoiding an Obligation to Pay or Transmit Money**

**31 U.S.C. § 3729(a)(1)(G)**

97.     Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

98.     Defendants violated 31 U.S.C. § 3729(a)(1)(G) by knowingly and improperly avoiding Defendants' obligation to pay or transmit money to the SBA—namely, the money Defendants received from the SBA in forgiveness for Defendants' Second Draw PPP loans.

99.     Defendants knew it improperly received money from the SBA when the SBA forgave Defendants' Second Draw PPP loans.

100.     Defendants had an obligation to pay back the SBA the full amount Defendants received in forgiveness of the Second Draw PPP loans.

101.     Defendants knew of their obligation to pay back the SBA.

102.     Defendants improperly avoided their obligation to pay back the SBA.

### PRAYER FOR RELIEF

**WHEREFORE,** Relator requests judgment against Defendants for: (i) three times the amount of damages that the United States has sustained (including the full amount of the forgiven Second Draw PPP loans and interest thereon, plus all processing fees paid by the Government); (ii) the maximum civil penalties allowed by law; (iii) an award to Relator for the maximum allowed under 31 U.S.C. § 3730(d); (iv) an award of attorney's fees, costs, and expenses; (v) interest as provided by law; and (vi) any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a

trial by jury.

Date: May 8, 2025                    Respectfully submitted,

Terrance P. Flynn, Esq.
**HARRIS BEACH MURTHA CULLINA PLLC**
726 Exchange Street, Suite 900
Buffalo, New York 14210
Telephone: (716) 200-5050
Facsimile: (716) 200-5201
tflynn@harrisbeachmurtha.com

*Attorneys for Relator Verity Investigations, LLC*

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

## 25 CV 405

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA, ex rel. VERITY INVESTIGATIONS, LLC

**DEFENDANTS**

KEMPER SYSTEM AMERICA, INC.; THERMACUT, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Erie County, NY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Terrance P. Flynn. Harris Beach Murtha. 726 Exchange Street, Suite 900 Buffalo, NY 14210. (716) 200-5050

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                         Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [x] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
False Claims Act, 31 U.S.C. §§ 3279-33.  FILED UNDER SEAL PURSUANT TO STATUTE.

Brief description of cause:
Defendant knowingly presented and/or caused to be presented a false claim for approval of a loan.

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 
$4M+

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
May 8, 2025

SIGNATURE OF ATTORNEY OF RECORD
*Terrance P. Flynn*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____